**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff,

v.

THE PICTURE PEOPLE, INC.,

                Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This action arises under Titles I and V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jessica Chrysler, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that The Picture People, Inc. ("Picture People") unlawfully discriminated against Ms. Chrysler, who is deaf, by failing to make reasonable accommodations, creating a hostile work environment, wrongfully discharging Ms. Chrysler, and retaliating against her for engaging in protected activity.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 107(a) and 503(c) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12117(a) and 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

3. More than thirty days prior to the institution of this lawsuit, Jessica Chrysler filed a charge with the Commission alleging violations of the ADA by Defendant.

4. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I and V of the ADA and is expressly authorized to bring this action by 107(a) and 503(c) of the ADA, 42 U.S.C. §§ 12117(a) and 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

6. At all relevant times, Defendant, a California corporation, has continuously been doing business in the State of Colorado. At all relevant times, Defendant has employed at least fifteen (15) employees.

7. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(7), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## GENERAL ALLEGATIONS

9. Picture People operates a chain of over 170 photographic studios in 33 states, including the store at which Jessica Chrysler worked in Littleton, Colorado.

10. Jessica Chrysler is deaf.

11. Ms. Chrysler's hearing impairment substantially limits her ability to engage in the major life activity of hearing.

12. Jessica Chrysler was hired by the Defendant on or about October 23, 2007, after interviewing with Arnold Aguilar, the Studio Manager at the Littleton studio.

13. Mr. Aguilar hired Ms. Chrysler to work as a photographer.

14. Mr. Aguilar did not hire Ms. Chrysler as a seasonal employee.

15. Mr. Aguilar was aware of Ms. Chrysler's hearing impairment when he hired her.

16. In order to start working, Picture People requires that new hires attend training.

17. Ms. Chrysler asked Mr. Aguilar that an American Sign Language ("ASL") interpreter be provided for her during the company training.

18. Aguilar, in turn, forwarded Ms. Chrysler's request for an ASL interpreter to Candi Bryan, the District Manager.

19. Bryan refused to provide Ms. Chrysler with an ASL interpreter for her training.

20. Ms. Chrysler was unable to complete the training without an ASL interpreter.

21. Because Ms. Chrysler was unable to complete the training, her start date was delayed until she could acquire an interpreter on her own.

3

22. The other new employees, who were hired on the same date as Ms. Chrysler, completed the training and began working and earning wages before Ms. Chrysler.

23. Nearly three weeks after being hired, Ms. Chrysler attended training conducted by Mr. Aguilar.

24. Ms. Chrysler provided her own interpreter for the training conducted by Mr. Aguilar.

25. On or about November 15, 2007, Ms. Chrysler began working in the Littleton studio.

26. Shortly after Ms. Chrysler started at Picture People, an additional training for new photographers was held at the Littleton studio.

27. Ms. Chrysler was not informed in advance of the additional training for new photographers.

28. Ms. Chrysler was not provided an ASL interpreter for the additional training for new photographer.

29. Ms. Chrysler made subsequent requests for interpreters for all staff meetings and trainings.

30. Ms. Chrysler provided District Manager Candi Bryan with the contact information for ASL interpreters in the area.

31. During the time Ms. Chrysler was employed by Picture People, she was never provided an ASL interpreter for any training or meeting.

32. Picture People never discussed Ms. Chrysler's requests for accommodation with her, other than to inform her that the requests were denied.

33.     Managers Kimberly Doyle and Deidre Sandoval treated Ms. Chrysler differently than they treated other non-disabled employees.

34.     Managers Doyle and Sandoval often criticized and picked on Ms. Chrysler.

35.     While Ms. Chrysler was employed by Picture People in Littleton, Colorado, the job title for photographers was "performer."

36.     At Picture People's operation in Littleton, Colorado, there was not a separate job category for "lab technicians."

37.     While Ms. Chrysler was employed by Picture People in Littleton, Colorado, employees in the position of "performer" would perform both photography and laboratory duties.

38.     District Manager Candi Bryan directed Studio Manager Aguilar to assign Ms. Chrysler to work in the lab "away from the public" in the back of the store rather than being allowed to photograph customers.

39.     Ms. Chrysler was assigned to work in lab more often than any of the non-disabled "performers."

40.     Ms. Chrysler's last day of actual work at Picture People was December 24, 2007.

41.     After December 24, 2007, Ms. Chrysler's name remained on the work schedule but she was not assigned any hours to work.

42.     For approximately ten months, Ms. Chrysler's name remained on the schedule for the Littleton, Colorado, studio, but she was not assigned any work hours.

43.     Employees who were hired on the same date or after Ms. Chrysler were given hours to work in the days, weeks, and months after December 24, 2007.

44.     When Ms. Chrysler noticed that she was not receiving hours, she complained to the manager in charge of scheduling.

45.	Ms. Chrysler complained that she was being treated less favorably than non-disabled "performers."

46.	On or about January 4, 2008, Picture People issued Ms. Chrysler a written "final warning."

47.	Prior to the January 4, 2008, "final warning," Ms. Chrysler had not received any other reprimands or warnings.

48.	The January 4, 2008, "final warning" includes the following statement: "Insubordination: You don't seem to realize that people revolve around the business, the business doesn't revolve around the people. You became angry and threatened to bring a grievance against The Picture People when you didn't get your hours increased."

49.	Managers Candi Bryan and Deidre Sandoval presented the January 4, 2008, "final warning" to Ms. Chrysler at a meeting on or about January 9, 2008.

50.	At the meeting on January 9, 2008, an ASL interpreter was not provided for Ms. Chrysler.

51.	At the January 9, 2008, Ms. Chrysler requested that she be provided an ASL interpreter.

52.	When her request for an ASL interpreter was denied, Ms. Chrysler asked that Managers Bryan and Sandoval write down what they were saying during the January 9, 2008, meeting.

53.	Managers Bryan and Sandoval refused to write down what they were saying at the January 9, 2008, meeting, and continued the meeting orally.

54.	During the meeting on January 9, 2008, Ms. Chrysler complained to the managers that she was being harassed because of her disability.

6

55. After the January 9 meeting, Ms. Chrysler continued to request that she be scheduled for work hours at the Picture People studio in Littleton, Colorado.

56. Ms. Chrysler was never scheduled to work any hours after December 24, 2007.

57. Picture People terminated Ms. Chrysler effective October 20, 2008.

## FIRST CLAIM FOR RELIEF

[Failure to Accommodate – 42 U.S.C. §§ 12112(a), 12112(b)(5)(A)]

58. The allegations contained in paragraphs 1 through 57 are hereby incorporated by reference.

59. Jessica Chrysler is disabled as defined in the ADA.  42 U.S.C. § 12102(2)(A).

60. Jessica Chrysler is able, with or without reasonable accommodation, to perform the essential functions of the job of photographer.

61. Defendant was aware of Ms. Chrysler's disability.

62. Ms. Chrysler made multiple requests to her superiors that Defendant provide an ASL interpreter to assist her at trainings and meetings.

63. Defendant failed and refused to provide any accommodation for Ms. Chrysler.

64. Defendant failed and refused to engage in good faith discussions with Ms. Chrysler concerning her request for accommodation.

65. Defendant never supplied an ASL interpreter for any training or meeting.

66. Defendant's failure to provide Ms. Chrysler any reasonable accommodation was intentional.

67. Defendant's failure to provide Ms. Chrysler any reasonable accommodation was malicious and/or done with reckless indifference to Ms. Chrysler's federally protected rights.

68. As a result of Defendant's failure to provide reasonable accommodation for her disability, Ms. Chrysler was deprived of equal employment opportunities; was deprived of wages, benefits and job training; was subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation ; and was otherwise disadvantaged compared to her non-disabled coworkers.

## SECOND CLAIM FOR RELIEF

[Hostile Work Environment - 42 U.S.C. §§ 12112(a), 12112(b)(1)]

69. The allegations contained in paragraphs 1 through 68 are hereby incorporated by reference.

70. By the actions described above, Ms. Chrysler was subjected to harassment and discrimination in the workplace because of her disability.

71. The harassing and discriminatory conduct described above was sufficiently severe or pervasive to alter the terms and conditions of Ms. Chrysler's employment.

72. Defendant was aware of the harassing and discriminatory conduct described above.

73. Defendant failed to take reasonable measures to prevent and promptly correct disability-based harassment and discrimination in the workplace at the Picture People studio in Littleton, Colorado.

74. The harassing and discriminatory conduct described above was carried out and tolerated by Defendant's managers.

75. Ms. Chrysler suffered tangible employment actions when she was disciplined, repeatedly denied work hours, and terminated.

76. By the harassing and discriminatory conduct described above, Ms. Chrysler was subjected to a hostile work environment because of her disability.

77. By creating and tolerating a hostile work environment for Ms. Chrysler, Defendant segregated her in the workplace because of her disability.

78. The unlawful employment practices described above were intentional.

79. The unlawful employment practices described above were done with malice and reckless indifference to Ms. Chrysler's federally protected rights.

80. As a result of the hostile work environment, Ms. Chrysler was deprived of equal employment opportunities; was deprived of wages, benefits and job training; was subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation ; and was otherwise disadvantaged compared to her non-disabled coworkers.

### THIRD CLAIM FOR RELIEF

[Unlawful Termination - 42 U.S.C. §§ 12112(a), 12112(b)(5)(B)]

81. The allegations contained in paragraphs 1 through 80 are hereby incorporated by reference.

82. Defendant intentionally refused to provide Ms. Chrysler with hours because of her disability, or because of the need to provide reasonable accommodation for her disability.

83. By its refusal to schedule Ms. Chrysler for any work hours after December 24, 2007, Defendant terminated her employment because of her disability.

84. Defendant's discriminatory termination of Ms. Chrysler's employment was done with malice and reckless indifference to her federally protected rights.

85. As a result of Defendant's discriminatory termination of her employment, Ms. Chrysler was deprived of equal employment opportunities; was deprived of wages, benefits and

job training; was subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and was otherwise disadvantaged compared to her non-disabled coworkers.

## FOURTH CLAIM FOR RELIEF

[Retaliation - 42 U.S.C. § 12203(a)]

86. The allegations contained in paragraphs 1 through 85 are hereby incorporated by reference.

87. Ms. Chrysler's repeated requests for an ASL interpreter were protected activities under the ADA.

88. Ms. Chrysler's complaint that her reduction of hours was harassment constitutes protected activity under the ADA.

89. Ms. Chrysler's complaint of harassment at the January 9, 2008 meeting constitutes protected activity under the ADA.

90. Defendant disciplined and discharged Ms. Chrysler in retaliation for her requests for accommodation and complaints of discrimination.

91. The retaliation was intentional.

92. The retaliation was done with malice and/or with reckless indifference to Ms. Chrysler's federally protected rights.

93. As a result of the retaliation, Ms. Chrysler was deprived of equal employment opportunities; was deprived of wages, benefits and job training; was subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and was otherwise disadvantaged compared to her non-disabled coworkers.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

      B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant to make whole Jessica Chrysler by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement or front pay in lieu thereof.

      D.      Order Defendant to make whole Jessica Chrysler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      E.      Order Defendant to pay Jessica Chrysler punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper.

      G.      Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 29th day of September, 2009.

>Respectfully Submitted,
>
>JAMES L. LEE
>Acting General Counsel
>
>GWENDOLYN REAMS
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>   COMMISSION
>1801 L Street, N.W.
>Washington, DC  20507
>
>MARY JO O'NEILL
>Regional Attorney
>Phoenix District Office
>
>RITA BYRNES KITTLE
>Acting Supervisory Trial Attorney
>
>/s/ William Moench
>WILLIAM MOENCH
>Trial Attorney
>Telephone: (303) 866-1378
>william.moench@eeoc.gov
>
>EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>Denver Field Office
>303 East 17th Avenue, Suite 410
>Denver, CO  80203
>Facsimile: (303) 866-1375

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Regional and Trial Attorneys.  Duplicate service is not required on the Acting Deputy General Counsel or Associate General Counsel in Washington, D.C.